1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARSHALL-EDWARD: MIKELS, et al.,           No. 2:12-CV-1312-JAM-CMK

12                 Plaintiff,

13        vs.                                    <u>ORDER</u>

14   ING BANK, FSB, et al.,

15                 Defendants.

16   _____/

17               Plaintiffs, proceeding in propria persona, bring this civil action.  Pending before

18   the court is plaintiffs' motion to disqualify the undersigned from presiding over these

19   proceedings (Doc. 57).

20               A request for recusal or motion to disqualify falls under 28 U.S.C. § 144, which

21   provides:

22               Whenever a party to any proceeding in a district court makes and
             files a timely and sufficient affidavit that the judge before whom the
23           matter is pending has a personal bias or prejudice either against him or in
             favor of any adverse party, such judge shall proceed no further therein, but
24           another judge shall be assigned to hear such proceeding.
                 The affidavit shall state the facts and the reasons for the belief that
25           bias or prejudice exists . . . .

26   28 U.S.C. § 144.

1

1    Berger v. United States, 255 U.S. 22 (1922), is the seminal case interpreting 28

2    U.S.C. § 144.  See U.S. v. Azhocar, 581 F.2d 735, 738 (1976).  As a preliminary matter, the

3    Court in Berger held that the judge against whom a disqualification motion is brought may pass

4    on its legal sufficiency.  See Berger, 255 U.S. at 233.  To be sufficient, the motion must state

5    facts which, if true, fairly support the allegation of bias or prejudice which stems from an

6    extrajudicial source and which may prevent a fair decision.  See Azhocar, 581 F.2d at 740-41.

7    Thus, the Supreme Court in Berger also held that adverse rulings alone cannot constitute the

8    necessary showing of bias or prejudice.  See Berger, 255 U.S. at 34.   There must be a reasonable

9    factual basis for doubting the judge's impartiality.  See United States v. Conforte, 624  F.2d 869,

10   881 (9th Cir. 1983).

11       The United States Supreme Court set forth in some detail what circumstances can show

12   such bias or partiality to require judicial recusal.

13           First, judicial rulings alone almost never constitute a valid basis for
     a bias or partiality motion.  See United States v. Grinnell Corp., 384 U.S.

14   563 (1966).  In and of themselves ( i.e., apart from surrounding comments
     or accompanying opinion), they cannot possibly show reliance upon an

15   extrajudicial source; and can only in the rarest circumstances evidence the
     degree of favoritism or antagonism required (as discussed below) when no

16   extrajudicial source is involved.  Almost invariably, they are proper
     grounds for appeal, not for recusal.  Second, opinions formed by the judge

17   on the basis of facts introduced or events occurring in the course of the
     current proceedings, or of prior proceedings, do not constitute a basis for a

18   bias or partiality motion unless they display a deep-seated favoritism or
     antagonism that would make fair judgment impossible.  Thus, judicial

19   remarks during the course of a trial that are critical or disapproving of, or
     even hostile to, counsel, the parties, or their cases, ordinarily do not

20   support a bias or partiality challenge.  They may do so if they reveal an
     opinion that derives from an extrajudicial source; and they will do so if

21   they reveal such a high degree of favoritism or antagonism as to make fair
     judgment impossible.  An example of the latter (and perhaps of the former

22   as well) is the statement that was alleged to have been made by the District
     Judge in Berger v. United States, 255 U.S. 22 (1921), a World War I

23   espionage case against German-American defendants:  "One must have a
     very judicial mind, indeed, not [to be] prejudiced against the German

24   Americans" because their "hearts are reeking with disloyalty."  Id. at 28
     (internal quotation marks omitted).  Not establishing bias or partiality,

25   however, are expressions of impatience, dissatisfaction, annoyance, and
     even anger, that are within the bounds of what imperfect men and women,

26   even after having been confirmed as federal judges, sometimes display.  A

2

1
2

judge's ordinary efforts at courtroom administration - even a stern and short-tempered judge's ordinary efforts at courtroom administration - remain immune.

3 <u>Liteky v. U.S.</u>, 510 U.S. 540, 555-56 (1994).

4   Here, plaintiffs' motion is unsupported by sufficient facts indicating an adequate

5 basis for disqualification.  Plaintiffs' motion is based on a allegation that the undersigned has a

6 conflict of interest (financial) and failed to perform in a professional manner in the exercise of

7 judicial duties.  Specifically, he states:

8
9
10
11
12

The Disqualification of Judge Kellison is due to a conflict of interest, and a display of bias, prejudice, disrespect, arrogance, a complete lack of decorum, aggression against Plaintiff(s) a showing of special interest towards Defendant(s), suppression of Plaintiff's testimony on the hearing record, efforts to color the record in favor of Defendant(s), efforts to cover up evidence against Defendant(s) and threats of danger to Plaintiff without basis made to intimidate and stifle Plaintiff during a hearing conducted by Judge Kellison on August 8, 2012."

13 (Motion, Doc. 57, at 5).

14   Plaintiff's conclusory statements fails to support his argument.  Even if the

15 undersigned acted in a manner plaintiff deemed unprofessional or disrespectful, the Supreme

16 Court has determined such behavior is immune from a finding of bias, without more.  There is

17 nothing in plaintiffs' motion which could be interpreted as bias, especially from an extrajudicial

18 source.  At best, plaintiffs base their argument of bias on adverse rulings and courtroom

19 demeanor.  These are an insufficient basis to require recusal.

20   Plaintiffs also appear to argue that the undersigned's personal financial interest in

21 any corporation, regardless of whether any of the corporations are involved in this case, is

22 sufficient to require recusal.  Plaintiffs' position is not a reasonable interpretation of the situation

23 or the law.  A close personal financial ownership in a corporation may be sufficient to require

24 recusal where there would be a direct impact on the judicial officer involved in the case

25 depending on the outcome.  However, a broad disqualification of any and all judicial officers

26 who have any investment in any corporation is an untenable position.   In order for a personal

3

1   financial interest to justify disqualification, there must be a reasonable question of impartiality.

2   See U.S. v. Rogers, 119 F.3d 1377, 1384 (9th Cir. 1997).  A limited financial interest as a

3   stockholder of a major bank has been determined to be an  insufficient basis for disqualification.

4   See id.  The financial interest involved here is even more tenuous.  The closest plaintiffs get to

5   showing any personal financial interest in the defendants is District Judge Karlton's closed

6   investment account with defendant Ing Direct.  Judge Karlton is not involved in this case, and

7   plaintiff has not shown the undersigned has any such financial interest.   Nor is there any

8   reasonable expectation that judicial bias is likely, or even possible, due to such a tenuous

9   connection with a financial institution.  Thus, there is no basis for recusal due to any financial

10  interest under 28 U.S.C. § 455.

11          Plaintiff Marshall-Edward Mikels continues to insist he is representing his wife,

12  Celine Mikels, in this action.  As Mr. Mikels has previously been informed, individuals

13  appearing in propria persona may not represent any other individual, including a spouse, without

14  an attorney.  See Local Rule 183(a).  If Mrs. Mikels intends to remain a party to this action, she

15  must appear on her own or through an attorney, not through Mr. Mikels.  This includes any and

16  all documents filed on her behalf and her appearance at any hearing.  Any other arguments set

17  forth in the motion are too frivolous to warrant discussion.

18          Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to disqualify

19  (Doc. 57) is denied.

20

21   DATED:  October 19, 2012

22

23                                         CRAIG M. KELLISON
                                           UNITED STATES MAGISTRATE JUDGE

24

25

26

4