1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MARSHALL-EDWARD: MIKELS, et al.,          No. 2:12-CV-1312-JAM-CMK

12              Plaintiff,

13        vs.                                  FINDINGS AND RECOMMENDATIONS

14   ING BANK, FSB, et al.,

15              Defendants.

16   _____/

17              Plaintiffs, proceeding pro se, bring this civil action against several defendants.

18   Pending before the court are the defendants' various motions to dismiss (Docs. 18, 47, 48, 50).

19   Plaintiff requested and received one continuance, but failed to file an opposition to any of the

20   motions.  Due to plaintiff's failure to file an opposition, the hearing on the motions was taken off

21   calendar, and the motions were submitted on the moving papers.

22        I.      Background

23              This is a pro se civil case involving plaintiffs' mortgage.  Plaintiffs' complaint is

24   difficult to understand, but reading the complaint liberally as the court must given plaintiffs' pro

25   se status, plaintiffs appear to claim the defendants perpetuated a fraudulent loan scheme where no

26   actual loan was made, acted beyond their authority in foreclosing on plaintiffs' property, and

violated their constitutional rights.  According to the exhibits attached to plaintiffs' complaint, plaintiffs executed a Promissory Note and Deed of Trust, which was recorded with the County on September 20, 2007, with Ing Bank.  On March 30, 2010, a Notice of Default was recorded with the County, indicating the plaintiffs had defaulted on the Deed of Trust, in the amount of $13,076.28.  Then on March 28, 2011, a Notice of Trustee's Sale was recorded with the County, setting the property secured by the Deed of Trust for public auction on April 20, 2011.  Thus, this action is in essence plaintiffs' attempt to set aside the foreclosure sale of their home, claiming the agreements were entered into on a fraudulent basis.

The defendants to this action include those involved in the mortgage of plaintiffs' home as well as those involved in the foreclosure of the home.  The defendants include the lending bank, title companies, and the attorney who filed the unlawful detainer action against the plaintiffs on behalf of Ing Bank.

## II.    Motion to Dismiss

### A.    Motion

Defendants bring these motions to dismiss the complaint on the ground, among other things, that it fails to state a claim.  The defendants argue the only understandable claim made in the complaint is fraud, which plaintiffs fail to plead with sufficient particularity, and the remainder of the claims are incomprehensible or barred. Specifically, the defendants all contend that although it appears that plaintiffs contemplated eleven to thirteen claims, the complaint only actually sets forth four claims of fraud, and one claim of violation of their Constitutional rights, citing 18 U.S.C. §§ 241, 242.  The defendants argue that no other claim set forth in the complaint is comprehensible.

### B.    Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

1  v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

2  738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

3  ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

4  395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

5  factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

6  (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

7  lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be

8  entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must

9  meet some minimum threshold in providing a defendant with notice of what it is that it allegedly

10  did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

11         Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

12  the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

13  and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

14  (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

15  failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

16  recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

17  raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain

18  "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has

19  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

20  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

21  1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

22  than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S.

23  at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

24  it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id.

25  (quoting Twombly, 550 U.S. at 557).

26  / / /

1          In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

2    outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

3    Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

4    documents whose contents are alleged in or attached to the complaint and whose authenticity no

5    party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

6    and upon which the complaint necessarily relies, but which are not attached to the complaint, see

7    Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

8    of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

9    1994).

10          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

11   amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

12   curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

13          C.      Discussion

14          Plaintiffs' complaint is unclear and confusing.  The undersigned agrees with the

15   defendants that only comprehensible claim is for fraud.  Plaintiffs do not, however, plead with

16   sufficient particularity as to the fraud claims to survive dismissal.  With the exception of Ing

17   Bank, plaintiffs do not make any particularized factual assertions against the defendants.  Rather,

18   plaintiffs' complaint is a diatribe against the mortgage industry as a whole.

19          The elements of a California fraud claim are: (1) misrepresentation (false

20   representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3)

21   intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar

22   v. Superior Court, 49 Cal. Rptr. 2d 377, 380-81 (Cal. 1996).  In addition, Federal Rule of Civil

23   Procedure 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with

24   particularity."  This heightened pleading standard "requires a pleader of fraud to detail with

25   particularity the time, place, and manner of each act of fraud, plus the role of each defendant in

26   each scheme."  Lancaster Cmty. Hosp. v. Antelope Valley Dist., 940 F.2d 397, 405 (9th Cir.

1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Rule 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing Gottreich v. San Francisco Inv. Corp., 552 F.2d 866, 866 (9th Cir. 1997)).  The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . . In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

In Re Glenfed, Inc. Sec. Litig., 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in* Marksman Partners, L.P. v. Chantal Pharm. Corp., 927 F. Supp. 1297 (C.D. Cal. 1996); see Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) (fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

///

1          Here, plaintiffs allege the loan defendant Ing Bank made was fraudulent, no

2    contract was performed, no loan was actually made, and the whole thing was a scheme used as a

3    way to make a profit and take plaintiffs' property.  It appears that plaintiffs claim the loan was

4    fraudulent because the loan proceeds (the actual money) did not pass through their hands. In

5    addition, plaintiffs contend the transaction was fraudulent due to the adjustable rate clause, and

6    the inclusion of the right to sell the loan (the so called securitization of the loan).

7          To the extent plaintiffs claim that securitization of the loan gives rise to a fraud

8    action, such a claim has been rejected by the courts.  "Indeed, courts have uniformly rejected the

9    argument that securitization of a mortgage loan provides the mortgagor a cause of action."

10   Rodenhurst v. Bank of America, 773 F.Supp.2d 886, 898 (citing Joyner v. Bank of Am. Home

11   Loans, No. 2:09-CV-2406-RCJ-RJJ, 2010 WL 2953969, at *2 (D. Nev. July 26, 2010), Haskins

12   v. Moynihan, No. CV-10-1000-PHX-GMS, 2010 WL 2691562, at *2 (D. Ariz. July 6, 2010)).

13   In this case, the complaint contains a copy of the Deed of Trust wherein it is noted that the Note

14   may in fact be sold.  So any argument that plaintiffs did not agree with such a provision is belied

15   by the complaint itself.  Plaintiffs cannot now argue the defendants misrepresented such a fact, as

16   it is clearly in the documents plaintiffs signed.

17         The plaintiffs also argue fraud based on a misrepresentation by Ing Bank that it

18   rewrites loans all the time, causing plaintiffs to expect the loan would in fact be rewritten prior to

19   the change in interest rate.  This claim fails for a few reasons.  First, plaintiffs allege Ing Bank

20   stated they could rewrite the loan and that they do it all the time.  Such a statement is not a

21   guarantee that Ing Bank would rewrite plaintiffs' loan.  Such a vague statement cannot be the

22   basis for a fraud claim against the bank.  In addition, as the defendants argue, plaintiffs defaulted

23   on their loan prior to the rate change.  So even if Ing Bank's statement was somehow construed

24   as a guarantee, plaintiffs' failure to meet the terms of the loan, subsequent default, and

25   foreclosure took away any possibility of such an action by Ing Bank.  Plaintiffs cannot therefore

26   state a claim for fraud on the basis of this alleged misrepresentation.

1    Similarly, plaintiffs' argument that Ing Bank committed fraud because no contract

2    was performed, no loan was actually made, or was done as a way to scheme plaintiffs' out of

3    their home, these arguments are similarly belied by the complaint itself.  Plaintiffs attach a copy

4    of both the Deed of Trust and the Note to the complaint, referring to each in the allegations of

5    fraud.  But these document show that a loan was indeed made, even if no actual cash passed

6    through the plaintiffs' hands, and that the contract was performed.  Therefore, the undersigned

7    finds no basis for a claim of fraud.

8    These allegations of fraud are the only ones discernable from the complaint.  To

9    the extent plaintiffs attempt to state any other claims for fraud, they have failed to articulate the

10   claims sufficiently for the court or the defendants to understand.  The fraud claims generally only

11   allege defendants Ing Bank acted improperly during the mortgage process.  None of the other

12   defendants appear to have been involved in that transaction.  The other defendants were involved

13   in the foreclosure process, but not in the loan initiation.  To that extent, plaintiffs fail to state a

14   claim for fraud against any of the defendants.

15   To the extent plaintiffs contend the foreclosure was not conducted properly, the

16   undersigned notes the concurrent State court unlawful detainer action.  Plaintiffs have attempted

17   several times to involve this court in those underlying State court proceedings.  This court has

18   rejected those attempts.[1]  Any claim against these defendants for acting improperly during that

19   process should have been raised in the State court unlawful detainer action.

20   The only other discernable claim in the complaint appears to be plaintiffs'

21   allegations that the defendants somehow violated a criminal law, 18 U.S.C. §§ 241, 242.

22   However, as the defendants argue, these criminal statutes do not give rise to a private right of

23   enforcement.  Plaintiffs' claims as to these violations are unclear, but even if the court could

24   discern the claim, plaintiffs do not have standing to bring a private right of action against the

25   _____

26   [1]    See Ing Bank v. Mikels, 11cv2400 KJM CMK, and Ing Bank v. Mikels, 12cv0994 LKK CMK.

1  defendants for such violations.

2          Other claims appear in the caption of the complaint, including violation of the

3  Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968, and the

4  Federal Debt Collection Practices Act, 15 U.S.C. § 1692.  However, neither of these claims are

5  articulated in the complaint.  To state a claim under RICO, a plaintiff must allege the existence of

6  a RICO enterprise, the existence of a pattern of racketeering activity, a nexus between the

7  defendant and either the pattern of racketeering activity or the RICO enterprise, and a resulting

8  injury to the plaintiff.  See Occupational-Urgent Care Health Sys., Inc. v. Sutro & Co., 711 F.

9  Supp. 1016, 1021 (E.D. Cal. 1989).  To allege a pattern of racketeering activity, a plaintiff must

10 allege two or more predicate acts.  See Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 193

11 (9th Cir. 1987).  When the alleged racketeering activity sounds in fraud, the complaint must

12 "state with particularity the circumstances constituting fraud or mistake." In re Countrywide Fin.

13 Corp. Mortg. Mktg. & Sales Prac. Lit., 601 F. Supp. 2d 1201, 1215 (S.D. Cal. 2009) (quoting

14 Fed. R. Civ. P. 9(b)) (internal quotation mark omitted).  Here, plaintiffs fail to articulate any such

15 activity, against any of the defendants.

16          As to any claim for violation of FDCPA, as the defendants argue, the FDCPA

17 does not apply to real property foreclosures.  See Diessner v. Mortg. Elec. Reg. Sys., Inc., 618

18 F.Supp.2d 1184, 1188 (D. Ariz. 2009).  Thus, plaintiffs cannot state a claim for violation of the

19 FDCPA relating to the foreclosure of their home.

20          The remainder of plaintiffs' claims, if any, are unclear.  However, it does not

21 appear that any amendment can cure the defects in plaintiffs' complaint.  The underlying basis

22 for plaintiffs' case is a challenge to the foreclosure of their property, which should be addressed

23 in the concurrent unlawful detainer action in the State court.  This court has already rejected

24 plaintiffs' attempts to bring such a challenge here.

25 / / /

26 / / /

### III. Conclusion

Plaintiffs' complaint fails to allege sufficient facts to state a claim.  Thus, defendants' motions to dismiss should be granted in full.  Leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Here, however, given plaintiffs' lack of opposition to this motion, lack of factual allegations contained in the original complaint, and lack of standing to bring some of their claims, it is clear to the undersigned that any attempt at amendment would be futile.[2]  Thus, the undersigned recommends no leave to amend be granted.

Based on the foregoing, the undersigned recommends that defendants' motions to dismiss (Docs. 18, 47, 48, 50) be granted without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 25, 2013

_Craig M. Kellison_

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

---

[2]   Plaintiffs have an opportunity, in filing objections to these findings and recommendations, to set before the court their ability to cure the defects outlined herein.  If plaintiffs are in fact able and willing to do so, leave to amend may be granted.  Absent such a showing, however, no defect in the claims addressed herein would be curable.