# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

MARSHALL-EDWARD: MIKELS, et al.,                No. 2:12-CV-1312-JAM-CMK

    Plaintiff,

  vs.                                             FINDINGS AND RECOMMENDATIONS

ING BANK, FSB, et al.,

    Defendants.

_____/

      Plaintiffs, proceeding in propria persona, bring this civil action. Pending before the court is defendant Naiman's unopposed motion to recover excessive attorney's fees (Doc. 37). As no opposition to the motion was filed, the court took the hearing off calendar pursuant to Local Rules.

      Defendant Naiman seeks to recover attorney fees incurred when he was forced to bring his motion to quash service. Plaintiff failed to properly serve the complaint in this action. Upon actual receipt of the complaint, defendant Naiman requested additional time to respond to the complaint from plaintiff, who refused to grant the request. Thus, defendant Naiman was forced to bring a motion to quash service in order to avoid entry of his default for failure to timely respond to the complaint. The court found service was improper, and allowed defendant

Naiman the additional time required to respond to the complaint.  Defendant Naiman now seeks to recover the attorney fees incurred by the necessity of filing such an unnecessary motion.

28 U.S.C. § 1927 provides:

> Any attorney *or other person* admitted to conduct cases in any court of the United States or any Territory thereof who so multiplied the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.  (Emphasis added).

Sanctions pursuant to 28 U.S.C. § 1927 may be imposed on pro se litigants.  See Wages v. I.R.S., 915 F.2D 1230, 1235-36 (9th Cir. 1990) (citing Wood v. Santa Barbara Chamber of Commerce, Inc., 699 F.2d 484, 485-86 (9th Cir. 1983)).  Whether to impose sanctions under 28 U.S.C. § 1927 is in the discretion of the court.  See id. at 1235.

Here, plaintiff attempted service on defendant Naiman at his office.  According to the declaration defendant Naiman filed in support of his motion to quash service, his office is on the fifth floor of an office building, and the floor is shared with other businesses.  Defendant Naiman explained to the court that plaintiffs attempted service of the summons and complaint by leaving the documents with a receptionist of one of the other businesses on the same floor, buried under other documents relating to other cases the parties were involved in.  Once defendant Naiman discovered the summons and complaint, his attorney contacted plaintiffs to request a seven-day extension of time to file a responsive pleading, and discussed the improper service.  Plaintiffs refused to grant the short extension of time, forcing defendant Naiman to file the motion to quash.  Defendant Naiman requested, and was granted, additional time to respond to the complaint.  He did not request, which he could have, that plaintiffs reserve the summons and complaint properly.

Plaintiffs are proceeding in this action pro se.  However, the court has had prior experience with these plaintiffs, as they have filed other actions before this court.  The court is required to read pro se pleadings liberally, but the litigants are expected to act appropriately and

follow the Federal Rules of Civil Procedure as well as all local rules of the court.  If an individual chooses to proceed without an attorney representing them, that does not give them the right to act inappropriately or in such a way that unreasonably increases the cost of litigation for all parties involved.

Here, the defendant was not served properly with the summons and complaint.  This has been determined by the court, and the defendant was provided appropriate time to file a responsive pleading.  At the hearing on the motion to quash, the court expressed its displeasure with the way the plaintiffs were conducting themselves and handling this litigation.  The defendants' request for a one week extension of time to respond to the complaint was not an unreasonable request, especially in light of the way the summons and complaint were served.  After explaining to the plaintiffs the defects in the service, the defendant asked for a very short amount of time to respond to the complaint.  He did not request that the plaintiffs reserve the complaint properly.  However, plaintiffs unreasonably and in bad faith refused the defendant's request.  Indeed, plaintiff even went so far as to inform the defendant that his default was going to be taken that day, providing the defendant without other options.  Defendant Naiman was therefore required to file a motion to quash, in order to avoid the possible entry of his default based on improper service.  The undersigned finds the plaintiffs acted unreasonably in denying defendant Naiman's request, increasing the cost of this litigation unnecessarily.  As a result of that conduct, plaintiffs should be required to satisfy the excess costs incurred as a result of necessitating defendant's motion to quash.

The amount of attorney fees incurred by defendant Naiman for filing the motion to quash was $12,420.00.  This amount is supported by declarations from defendant's attorneys, John Girarde and Erik Weiss.  Both of these attorneys state they provided necessary services to defendant Naiman relating to the motion to quash service.  However, in addition to the extra services necessitated by plaintiffs' unreasonable behavior, the attorneys also itemize services that would have been rendered regardless, such as analyzing the complaint.  The undersigned finds

the entire amount requested is excessive, and that only the extra services rendered by filing the motion to quash should be included in the award of attorney fees. In addition, counsel personally appeared at the hearing on the motion to quash. While understandable, this court routinely allows telephonic appearances, which would have been acceptable in this situation. In fact, other defense counsel did appear telephonically for the hearing, even though they were not involved in the motion. Personal appearance at the hearing was unnecessary. Thus, some of the hours requested for travel to the court, and attendance at the hearing, will not be approved. Both attorneys set forth an hourly rate of $300.00 per hour, which the court finds reasonable.

      The amount of hours counsel spent on the motion to quash appears to the undersigned to be excessive. Spending over 40 hours on a twelve-page motion and seven-page reply brief, even giving counsel time for reviewing plaintiffs' pleadings is excessive. Therefore, the undersigned finds three hours to research and draft the motion, and an hour for counsel's attendance at the hearing, would have been sufficient in this situation. At a rate of $300.00 per hour, that would total $1200.00 in attorney fees.

      Accordingly, IT IS HEREBY RECOMMENDED that:

      1.     Defendant Naiman's motion to recover excessive attorney's fees (Doc. 37) be granted; and

      2.     Plaintiff be required to pay defendant Naiman's attorney's fees in the amount of $1200.00, within 30 days.

DATED: March 29, 2013

                                                _____
                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE